**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00129-CR**
_____

**JOHNATHAN WESLEY BRUCE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 25,141**

_____

**MEMORANDUM OPINION**

A jury found appellant Johnathan Wesley Bruce guilty of injury to a child with intentional bodily injury, a third-degree felony, and assessed punishment at ten years of imprisonment. *See* Tex. Penal Code Ann. § 22.04(a)(3), (f) (West Supp. 2018).[1] Bruce's appellate counsel filed a brief that presents counsel's professional

---

[1] We cite the current version of the statute as amendments subsequent to Bruce's offense do not affect our disposition.

1

evaluation of the record, and she concludes the appeal is frivolous and without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We notified Bruce of his right to file a pro se brief, but we have not received a response.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have independently examined the entire appellate record in this matter. We conclude that no reversible error exists, no arguable issues support an appeal, and this appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

---

[2] Bruce may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on March 19, 2019
Opinion Delivered April 3, 2019
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.